[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PUNITIVE DAMAGES
The court makes a part of this decision the facts set forth in the court's Memorandum of Decision on Defendants' Motion to Set Aside the Verdict or for Judgment Notwithstanding the Verdict of even date herewith. In addition to such facts, the plaintiff's allegation that the defendants willfully engaged in reckless business conduct in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq (CUTPA), must be taken as true.
Accordingly, under General Statutes § 42-110g(a) the "court may, in its discretion, award punitive damages." The standard for awarding punitive damages under CUTPA is evidence of a reckless indifference to the rights of others or an intentional and wanton violation of those rights. Gargano v. Heyman,203 Conn. 616, 622 (1987). CT Page 13501
In the present case, the defendants' actions clearly indicate a reckless indifference to the rights of the plaintiff and an intentional and wanton violation of those rights.
The jury awarded $200,000 to the plaintiff for aggravation of the plaintiff's preexisting condition of ataxia. By its decision of even date, the court has determined that $250,000 is a reasonable award for infliction of emotional distress upon the plaintiff.
The court believes that punitive damages equal to the total compensatory damages for such injuries sustained by the plaintiff is appropriate to punish the defendants for their wrongful acts.
Accordingly, the court awards punitive damages of $450,000.
Hendel, J.